{¶ 39} The trial court expressly relied on the exigent circumstances exception to the Fourth Amendment's warrant requirement to find that the protective sweep search of Quartman's house was lawful. "[T]he term exigent circumstances means an actual and on-going emergency," such that "the delay associated with securing a warrant would result in endangering police officers or others or would result in the concealment or loss of evidence." Katz, Ohio Arrest, Search and Seizure (2002 Ed.), § 10.1.
 {¶ 40} These events took place in April of 2005. The fact that a gunshot had been fired from inside the residence in 2002, several years before, does not support the existence of an actual and on-going emergency constituting an exigent circumstance on the date Quartman was arrested. Nevertheless, the officers acted lawfully when they conducted a protective sweep of the premises.
 {¶ 41} Protective sweeps of premises in which a defendant is arrested, or outside of which he is arrested after having emerged, may be justified under the search incident to arrest exception to the warrant requirement. Maryland v. Buie (1990), 494 U.S. 325, 110 S.Ct. 1093,108 L.Ed.2d 276. That justification depends not on the existence of an emergency but on "whether the officers effecting the arrest have a reasonable belief, based upon articulable facts and rational inferences from those facts, that the area to be swept harbors an individual posing a danger to them. The scope of the protective sweep must not exceed that reasonably necessary to protect the safety of the officers." Statev. Lyons (1992), 83 Ohio App.3d 525, 534.
 {¶ 42} The officers arrested Defendant Quartman at his residence on April 28,2005, on warrant arising from his allegedly having discharged a firearm from that location on March 29, 2005. See: State v.Quartman, Montgomery App. No. 21471, 2007-Ohio-___. After the officers arrived, they learned that several other persons were inside the residence with Quartman, but they didn't know precisely who or how many. Quartman resisted requests to come out, and when he finally did come out the door locked behind him. Quartman spoke by phone with his son, whom Quartman reported was one of those inside, and his son and two others then came out.
 {¶ 43} In view of the connection between Quartman, his residence, and a firearm, the resistance he displayed, and the fact that an unknown number of other persons were believed to have been in the residence with him, the officers acted on a reasonable, articulable suspicion that the house could yet harbor one or more persons who posed a danger to the officers on the scene. They were therefore justified in conducting a cursory, protective sweep of the premises incident to their arrest of Quartman in order to resolve that suspicion. Buie; Lyons. Evidence then discovered in plain view is not subject to suppression. Coolidge v. NewHampshire (1971), 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564.